UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SPINE SPECIALISTS OF MICHIGAN, P.C.,<br><br>       Plaintiff,<br><br>v.<br><br>EMPIRE FIRE AND MARINE INSURANCE COMPANY et al.,<br>       Defendants. | Case No. 21-10496<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER DENYING DEFENDANT/CROSS-PLAINTIFF EMPIRE'S MOTION FOR RECONSIDERATION (ECF NO. 65)**

  Defendant/Cross-Plaintiff Empire Fire and Marine Insurance Company (Empire) moves for reconsideration of the Court's order denying its motion for summary judgment and granting defendant Allstate Insurance Company's (Allstate) motion for summary judgment (ECF No. 63). ECF No. 65. For the reasons below, Empire's motion is **DENIED**.

  This action is an insurance coverage dispute arising from Uber driver Elijah Spann's car accident. Empire insured Spann's car while Spann was logged out of the Uber system, while Allstate insured the car while Spann was logged in to the system. ECF No. 40, PageID.724-25. Plaintiff Spine Specialists of Michigan, P.C. (Spine Specialists) treated Spann's injuries

and billed Empire. *Id.* at PageID.726. Empire paid Spine Specialists on Spann's behalf for over a year. *Id.* When Empire determined that Spann was injured while logged in to the Uber system and it therefore owed no coverage obligations, it stopped paying Spine Specialists. *Id.* Spine Specialists then sued Empire and Allstate to recover payment for treating Spann's car accident injuries. ECF Nos. 1, 14.

Empire moved for summary judgment on Spine Specialists' claim against it and on its cross claim against Allstate. ECF No. 35. Empire argued that the Court should not apply equitable estoppel because Empire reasonably relied on Uber to determine its coverage obligations to Spann and because estoppel cannot expand coverage. ECF No. 42, PageID.958-60. Empire also argued that the No-Fault Act's one-year limitations period does not apply to its claims against Allstate because it does not seek to recover benefits paid under the Act. *Id.* at PageID.961-63.

However, the Court found that Empire failed to conduct an adequate investigation or due diligence to determine its coverage obligations and concluded that Empire is estopped from denying liability to Spine Specialists. The Court also found that any claim to recover benefits for Spann's injuries is time-barred, and so Empire's reimbursement claims, which are claims of subrogation, against Allstate are also time-barred.

Empire now moves the Court to reconsider its conclusions. First, Empire presents two reasons challenging the Court's conclusion that Empire is estopped from denying liability: Undisputed facts show that Empire exercised diligence in determining its coverage obligation but was misled by Uber, and estoppel may not create coverage under Michigan law. ECF No. 65, PageID.1370-74. Second, Empire challenges the Court's conclusion Empire's claims against Allstate are time-barred. Empire argues that it does not seek to recover benefits payable under the Act, and so the No-Fault Act's one-year limitations period does not apply. *Id.* at PageID.1374-76.

Eastern District of Michigan Local Rule 7.1(h)(2) articulates that motions for reconsideration of non-final orders are disfavored and may be brought only upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). A motion for reconsideration is not a proper means "to re-hash old arguments." *Smith ex rel. Smith v. Mt.*

*Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*, 2022 WL 866402, at *7 (E.D. Mich. Mar. 23, 2022) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

Empire's motion for reconsideration presents the same arguments on the equitable estoppel and reimbursement claims previously advanced in Empire's briefs. After briefing and oral argument on those issues, the Court rejected Empire's arguments. The Court finds no legal or factual mistake in its reasoning or conclusions, and Empire advances no new argument the Court has not previously considered.

For the reasons above, Empire's motion for reconsideration (ECF No. 65) is **DENIED**.

                                                            s/Shalina D. Kumar
                                                            SHALINA D. KUMAR
                                                            United States District Judge

Dated: July 11, 2023